United States District Court
Southern District of Texas

**ENTERED**
June 17, 2026
Nathan Ochsner, Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN PABLO ABREU-TORRENS, "Petitioner," | § § § § | |
| v. | § § | Civil Action No. 1:26-cv-00359 |
| KRISTI NOEM, *et al.,* "Respondents." | § § § | |

## ORDER

Before the Court are Petitioner's "Petition for Writ of Habeas Corpus" ("Petition") (Dkt. No. 1), "Notice of Emergency Filing and Request for Expedited Consideration" ("Motion to Expedite") (Dkt. No. 2), and Respondents' "Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment" (Dkt. No. 12) ("MSJ"). For these reasons, Respondents' MSJ is **GRANTED**. Consequently, Petitioner's Petition (Dkt. No. 1) is **DENIED**. Petitioner's Motion to Expedite (Dkt. No. 2) is also **DENIED** as moot.

## I.    BACKGROUND

Petitioner lawfully entered the United States on or about June 21, 2022. *See* Dkt. No. 12 at 2. Petitioner was not then admitted or paroled, and Petitioner entered the United States at a location other than as designated by the Secretary of DHS. *Id.* Petitioner was paroled for one year on January 4, 2024. Dkt. No. 1-3 at 8. His parole was not extended and expired on January 3, 2025. Dkt. No. 12 at 2. On January 9, 2026, Petitioner was issued a Notice to Appear and charged as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). *Id.*

On March 9, 2026, an Immigration Judge ("IJ") permitted Petitioner to withdraw his application for adjustment of status and granted Petitioner voluntary departure at his request. *See* Dkt. No. 12-3. The IJ's order warned Petitioner that his voluntary departure would turn into a removal order if he did not depart the United States by March 16, 2026. *See id.* at 2. Petitioner timely appealed the Immigration Judge's decision with the Board of Immigration Appeals ("BIA"). *See* Dkt. No. 12-4. That appeal is pending. Dkt. No. 12 at 2.

## II.    LEGAL STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party must show "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party, who must "go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal citations omitted).

In a petition for a writ of habeas corpus, the petitioner is challenging the legality of the restraint or imprisonment. *See* 28 U.S.C. § 2241. The burden is on the petitioner to show the confinement is unlawful. *See, e.g., Walker v. Johnston*, 312 U.S. 275, 286 (1941).

A court may issue a temporary restraining order if the movant demonstrates: (1) a substantial likelihood of success on the merits; (2) a substantial threat of immediate and irreparable harm; (3) that the balance of hardships weighs in the movant's favor; and (4) that the temporary restraining order will not disserve the public interest. *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013).

## III.    DISCUSSION

The Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) endorsed the application of § 1225(b)(2)(A) to aliens who, like Petitioner, are "present in the United States without admission" despite entering without inspection. *Buenrostro-Mendez*, 166 F.4th at 506. Bound by our circuit's statutory interpretation of § 1225(b)(2)(A), this Court finds that Petitioner's detention is statutorily authorized.

But *Buenrostro-Mendez* left unaddressed whether mandatory detention under § 1225(b)(2)(A) runs afoul of Petitioner's due process rights. The Court must therefore assess whether Respondents may, consistent with the Due Process Clause of the Fifth Amendment, detain Petitioner without the opportunity for an individualized bond hearing.

Aliens certainly possess "due process of law in the context of removal proceedings." *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025). But "detention during such proceedings is a constitutionally valid aspect of the process, even where ... aliens challenge their detention on the grounds that there has been no finding that they are unlikely to appear for their deportation

proceedings." *Demore v. Kim*, 538 U.S. 510, 511 (2003) (citations omitted). The Supreme Court has long held that mandatory detention of aliens during removal proceedings does not violate due process. *See Carlson v. Landon*, 342 U.S. 524, 538 (1952); *Wong Wing v. United States*, 163 U.S. 228, 235 (1896). Here, Petitioner's removal proceedings are pending. Dkt. No. 12 at 2.

While the Court has acknowledged the possibility of times when such detention could strain constitutional limits, see, e.g., *id.* at 532 (Kennedy, J., concurring), Petitioner has not raised those issues in this Petition. As such, Petitioner's detention does not violate due process.

## IV.    CONCLUSION

Because the Court does not find Petitioner's statutory argument persuasive and finds no due process violation, the Court concludes that there is no genuine dispute of material fact. Accordingly, the Court enters judgment as a matter of law and finds that Petitioner is lawfully subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

For these reasons, Respondents' MSJ (Dkt. No. 12) is **GRANTED**. As such, Petitioner's Petition (Dkt. No. 1) is **DENIED**, and Petitioner's Motion to Expedite (Dkt. No. 2) is **DENIED** as moot. The Clerk of Court is **ORDERED** to close this case.

Signed on this 17th day of June 2026.

Rolando Olvera

United States District Judge